IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

---

UNITED STATES OF AMERICA

    Plaintiff,

vs.                                                        Case No. 1:21-cr-00793 KWR

RICHARD SCHUYLER KUYKENDALL,

    Defendant.

## ORDER DENYING DEFENDANT'S APPEAL OF DETENTION ORDER

THIS MATTER is before the Court on Defendant's Appeal of Order of Detention **(Doc. 30)**. The Court, having reviewed the parties' pleadings and considered the applicable law, concludes that a hearing is not necessary to resolve the issues presented. *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (explaining that the court may hold a hearing, but that a hearing is not required); *See* D.N.M. LR-Crim. 47.10 ("Parties will state in their pleadings whether and *why* an evidentiary hearing is needed.") (emphasis added). Having conducted a *de novo* review of the record in this case, pretrial services' report and recommendation, and the parties' pleadings, the Court finds that Defendant's Motion is not well taken and, therefore, is **DENIED.**

### BACKGROUND

Defendant was charged with knowingly possessing a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. The Government moved to detain Defendant. **Doc. 13.** Judge Ritter held a detention a hearing, and ordered that Defendant be detained. Defendant now appeals that decision.

This case stems from the murder of three Aryan Brotherhood gang members. Defendant was at the scene of the murders. Defendant allegedly admitted, and video surveillance apparently

supports, that he took a gun from the car where the three occupants were murdered and placed it in a trash dumpster.

At some point, shooting broke out between the three occupants of the car. Defendant went around the car and entered the car in the back seat. The three occupants of the car died. Defendant asserts that the Government has not presented any evidence on how these three individuals died. The Government asserts that Defendant entered the back seat of the car and shot the backseat occupant. The Government notes that the backseat occupant was shot in close range, as evidenced by a contact wound to the side of his head.

The Government asserts there were two other guns found in the car. The Government appears to infer that because Defendant chose to place this gun in a dumpster, he used that gun to kill the backseat occupant.

Defendant asserts that he did not murder any of the occupants of the car. Rather, he asserts that shooting broke out between the occupants of the car and he saw that one of his friends in the car was killed. He asserts he entered the car to help his friend. **Doc. 32 at 6-7.** Defendant drove the vehicle with the three deceased occupants to a hospital. The parties extensively dispute the extent of Defendant's involvement in the murders.

Judge Ritter held a detention hearing and entered a detention order finding "by a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required." **Doc. 21.** He noted the following reasons for detention: weight of evidence against the defendant is strong, prior criminal history, history of violence or use of weapons, lack of stable employment, prior attempts to evade law enforcement, potential for additional and more serious charges upon further investigation, and prison gang association. **Doc. 21 at 2-3.**

Judge Ritter noted that the facts before him did not show the full extent of Defendant's actions inside the car.  **Doc. 32 at 17.**  He noted that "it appears, as best I can tell, that Mr. Kuykendall probably didn't instigate what happened in the car, but it also appears possible that Mr. Kuykendall was involved in things happening in the car before it was all over."  **Doc. 32 at 17-18.**

Judge Ritter noted that there is a risk of flight here given Defendant's extensive criminal history, his violations of probation, and his failure to appear.  Defendant also has some degree of involvement with the Aryan Brotherhood.  Defendant also did not immediately surrender, but only did so after the officers used a chemical gas.  Defendant drove the occupants of the car to the hospital, but did not stay at the scene.  Therefore, Judge Ritter found by a preponderance of the evidence that Defendant was a flight risk and no combination of conditions.  He did not consider Defendant's involvement in the murders as part of his decision as to flight risk.  **Doc. 32 at 19-20.**

The pretrial services report recommended that Defendant be detained, because no condition or combination of conditions would reasonably assure the appearance of the defendant as required and the safety of the community.  **Doc. 19 at 4.** The pretrial services report noted that defendant poses a risk of nonappearance for the following reasons:

- Offense Charged
- Lack of familial, residential, community, employment, property, and financial ties
- Criminal history including record of failure to appear
- Aliases or false identifications
- Lack of Verifiable, Legitimate Employment
- Pretrial, Probation, Parole, or Supervised Release Status and Compliance

It also noted that he posed a risk of danger to the community for the following reasons:

- Nature of Instant Offense
- Prior arrests and convictions
- Pretrial, Probation, Parole, or Supervised Release Status and Compliance
- Safety concerns for the community or a specific individual
- Criminal history

- Violent behavior history
- Gang involvement: Aryan Brotherhood
- History/charge involving violence
- History of weapon use

His criminal history included violent crimes, release or probation violations, and failures to appear. His arrests, charges, or convictions include multiple accounts of assault and battery, assault and battery with a dangerous weapon, assault and battery on a household member, strangulation and suffocation of a household member, resisting arrest, possession of controlled substances, DUI, larceny, receiving or transferring a stolen vehicle, motor vehicle theft, forgery, and robbery. Defendant has violated release or probation and failed to appear several times.

Defendant requests that he be released to his home in Albuquerque to reside with his wife.

## **LEGAL STANDARD**

Defendant appeals Judge Ritter's detention order. "A defendant may be detained pending trial if a judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mobley*, 720 F. App'x 441, 443–44 (10th Cir. 2017), *citing* 18 U.S.C. § 3142(e)(1). "The government bears the burden of proving risk of flight by a preponderance of the evidence and dangerousness to any other person or the community by clear and convincing evidence." *Mobley*, 720 F. App'x at 443-44 (internal citations omitted), *citing United States v. Cisneros,* 328 F.3d 610, 615 (10th Cir. 2003).

Under § 3142(g), the court must consider four factors as part of the evaluation: "(1) the nature and circumstances of the offense charged, including whether the offense ... involves a minor victim"; "(2) the weight of the evidence against the person"; (3) "the history and characteristics of the person"; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

A district judge may order release or revoke a detention order under § 3145. The Court reviews the detention order *de novo*. *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003). Moreover, the Court may consider the evidence before the magistrate judge and may also consider new evidence presented by the parties. *Id.* at 617.

Defendant did not request a hearing and did not explain why one was necessary. *See* D.N.M. LR-Crim. 47.10 ("Parties will state in their pleadings whether and *why* an evidentiary hearing is needed."). As to an appeal of a detention order, "[a] district court conducts a de novo review of [the] detention order, [] but there is no statutory requirement that the court hold a hearing." *United States v. Oaks*, 793 F. App'x 744, 747 (10th Cir. 2019) (citation omitted) *citing United States v. Cisneros*, 328 F.3d 610, 613 (10th Cir. 2003).

## DISCUSSION

Defendant appeals Judge Ritter's detention order under 18 U.S.C. § 3145. The Court finds that release is inappropriate because the § 3142(g) factors weigh heavily towards finding by a preponderance of the evidence that Defendant is a flight risk and by clear and convincing evidence that he is a danger to the community. Moreover, no proposed condition or combination of conditions can reasonably assure the safety of the community or his appearance.

**I.    Detention factors under § 3142(g)**.

The § 3142(g) factors weigh in favor of detention and a finding that no combination of conditions could reasonably assure the safety of the community or Defendant's appearance.

Defendant primarily argues that he was not involved in the murder of the three Aryan Brotherhood gang members. Defendant asserts that Judge Ritter considered Defendant's possible involvement in the murders in ordering his detention. **Doc. 30 at 5.** The Court disagrees. The transcript of Judge Ritter's ruling at the detention hearing is clear that Defendant's alleged

5

involvement in the murders was not a basis for the finding that he was a flight risk or the order of detention. *See* **Doc. 32 at 19-20.**

  A. **Nature and Circumstances of Crime Charged.**

Defendant is charged with possession of a firearm by a convicted felon in violation of 18 U.S.C. § § 922(g)(1) and 924. These are serious charges. Defendant' possession charge stems from the murder of three Aryan Brotherhood gang members. The extent of Defendant's involvement in the murders is disputed and not clear based on the facts presented to the Court. The Government asserts that Defendant killed one person. Shooting broke out between the occupants of a car. The Defendant went around the car and entered the backseat of the car. It is not clear what happened in the vehicle based on video surveillance. However, the apparently lone backseat occupant was killed and had a close contact bullet wound to the side of his head. Defendant then exited the vehicle, and threw a firearm in the dumpster. However, two other firearms remained in the car. Defendant then drove the car with the three other occupants to a hospital then apparently walked away.

Defendant did not stay at the hospital. During his arrest, Defendant apparently did not immediately surrender, and only surrendered after officers used chemical gas. However, Defendant asserts he called 911 twice to report the shooting. As Judge Ritter found, the Court believes these facts show a risk of flight.

Even setting aside the circumstances surrounding the murders, a felon in possession charge is a serious crime, especially for a felon with a history of arrests or charges for violent crimes. This factor weighs in favor of detention.

  B. **Weight of the Evidence.**

The weight of the evidence for Defendant's possession of a firearm charge is strong and is supported by Defendant's admission and video surveillance. Although the parties dispute the extent of Defendant's involvement in murder of the three Aryan Brotherhood gang members, Defendant is not charged in this case with murder. The strength of the evidence on the felon in possession charge weighs in favor of detention.

    C.    **Defendant's history and characteristics.**

The third factor is "the history and characteristics of the person." § 3142(g)(3). It includes the defendant's "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." § 3142(g)(3)(A).

As noted in the background section above, Defendant has been charged or convicted with several crimes, including violent crimes. He also has a history of failing to comply with conditions of release and probation, and failing to appear. Defendant has also lived many years in Massachusetts, returning to New Mexico in the last few years.

Defendant is a licensed electrician and was employed prior to the COVID pandemic. It appears that he was not employed at the time of the offense.

This factor weighs toward finding that Defendant is a flight risk and danger to the community.

    D.    **Danger to Community.**

The Court must also consider "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

> the language referring to the safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community. The

>Committee intends that the concern about safety be given a broader construction than merely danger of harm involving physical violence....

S.Rep. at 12-13, 1984 U.S. Code Cong. & Adm. News, 3195, *cited in United States v. Bolivar*, No. 20-CR-717 WJ, 2020 WL 1912004, at *3 (D.N.M. Apr. 20, 2020); *see also United States v. Boy*, 322 Fed. Appx. 598, 600 (10th Cir. 2009) (The "concept of safety of the community under § 3142(e) is not limited to the danger of physical violence, but rather refers to the danger that the defendant might engage in criminal activity to the detriment of the community.").

Here, Defendant poses, by clear and convincing evidence, a danger to the community if released. Defendant's repeated crimes, violations of conditions of probation or release, and failures to appear all suggest that he is a danger to the community. His actions in this case, along with his history, indicate that there is a danger he may engage in future criminal activity to the detriment of the community.

### F. Conditions of release will not reasonably assure safety of the community or his appearance as required.

Generally, a defendant must be released pending trial unless a judicial officer finds "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Begay,* 315 Fed.Appx. 53, 54 (10th Cir. 2009).

Defendant suggests release to his Albuquerque home to reside with his wife. Defendant does not suggest any conditions of release in his Notice of Appeal. *See* **Doc. 30.** At the hearing, he requested release to La Posada, which he has now apparently abandoned.

The Court finds that no condition or combination of conditions will reasonably assure the appearance of the Defendant as required and the safety of any other person and the community.

### CONCLUSION

Weighing the § 3142(g) factors, the Court concludes that Defendant is a danger to the community by clear and convincing evidence, and that no conditions of release will reasonably assure the safety the of the community.  Moreover, the Court finds by a preponderance of the evidence that Defendant is a flight risk and no combination of conditions will reasonably assure his appearance. In reaching this conclusion, the Court sets aside any speculation about Defendant's participation in the murders of any of the Aryan Brotherhood gang members.

**IT IS THEREFORE ORDERED** that the Defendant's Appeal of Detention Order **(Doc. 30)** is hereby **DENIED.**

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE